IRETUS W. JACOBY, APPELLANT, v. GUS A. VIELE, APPELLEE.

FILED JUNE 10, 1910. No. 16,039.

Specific Performance: AGREEMENT TO EXECUTE LEASE. When an agreement to sell and convey land includes also an agreement on the part of the purchaser to lease to the vendor certain buildings and improvements situated on said land, and by accident and oversight of the parties the lease·is not executed at the time of the execution and delivery of the deed, and the vendor of the land retains and uses the said buildings and improvements for a part of the agreed term of lease, an action in equity may be maintained to enforce the execution of such lease and to restrain the purchaser of the land from interfering with the possession and use of said buildings and improvements during the agreed term of the lease.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*Burr & Marlay,* for appellant.

*George A. Adams, contra.*

SEDGWICK, J.

A general demurrer was sustained to the plaintiff's petition in the district court for Lancaster county and a judgment entered dismissing the same, and the plaintiff has appealed to this court.

The petition alleges that in February, 1907, the plaintiff and several others were the joint owners of three separate tracts of land; that these three tracts of land had been used as one farm and owned by the same parties for a great many years, and had a dwelling house and other farm improvements thereon; that plaintiff had resided in the dwelling house for more than 30 years, and that at the time named the plaintiff and other owners of the said tracts of land entered into negotiations with the defendant to sell and did afterwards sell to the defendant one of the three said tracts of land, and that at that time a part of the farm improvements above named were located on the tract so sold to the defendant, consisting of several corncribs and a buggy house, and that these improvements occupied substantially an acre of ground upon the tract sold to the defendant, which ground was surrounded by a wire fence; and that during the said negotiations for the sale of the said tract to the defendant, and as a part of the same negotiations and contract, it was agreed between the plaintiff and all parties interested with him on the one part, and the defendant on the other part, that the defendant, when he received his deed for the said tract of land, should execute and deliver to the plaintiff a lease for the said acre of ground and the said corncribs and buggy house thereon for the term of ten years at the agreed rental of $10 a year, which the plaintiff agreed to pay him therefor, but by mere oversight at the time the said deed was delivered the defendant failed

and neglected, in closing up said negotiations, to execute and deliver to plaintiff the said lease, and the defendant has removed some of the said improvements from the said acre tract, and is threatening to remove them and exclude the said plaintiff from the use of the said tract and improvements.

It is argued in the brief of the defendant that the agreement to lease this acre of land and improvements is within the statute of frauds, and, not having been put in writing, is void. This contention of the defendant cannot be sustained. If the agreement of these parties had been that the stipulation in regard to the lease of this acre of ground and the cribs and other improvements thereon should be inserted in the deed, and the provision was omitted from the deed by accident or oversight, there could of course be no doubt that an action to reform the deed would be sustained, and we see no distinction between such an action and the case now at bar. If the contract of the parties had been completed as it was agreed upon, the deed and the lease would be construed together as one contract, and would be virtually one writing, and this action is therefore essentially an action to reform the written contract and make it as it was agreed upon and intended to be by the parties.

It is suggested in the defendant's brief that some of the allegations of the petition are untrue. With this, of course, we have nothing to do. We must take the allegations as they are, and when the defendant has answered and the proof is taken, the court can determine the merits of the controversy.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.